# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NAJIB E. SHOUCAIR,

        Plaintiff,                        Case Number: 05-CV-40341

v.                                          HON. PAUL V. GADOLA

D. SNACKER, ET AL.,

        Defendants.

_____/

## ORDER OF PARTIAL DISMISSAL AND DIRECTING SERVICE

Plaintiff Najib E. Shoucair has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's claims as to defendants Heisler and Lafler, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted with respect to these defendants.

## I.

Plaintiff's complaint arises from an incident which Plaintiff states occurred on November 7, 2004, while he was incarcerated at the Pine River Correctional Facility in St. Louis,

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

Michigan.  Plaintiff claims that, on that date, defendant D. Snacker, a Resident Unit Corrections Officer, struck Plaintiff in the chest with sufficient force to knock him to the ground.  Plaintiff was taken to a nearby hospital where he was diagnosed as suffering from a bruised chest cavity.  Plaintiff alleges that the assault was unprovoked and unnecessary.

Plaintiff filed a grievance against defendant Snacker.  His grievance was denied at each of the three steps of the grievance process.  Defendant Snacker filed a major misconduct report against Plaintiff, alleging that, on November 7, 2004, Plaintiff struck another prisoner.  Plaintiff was found guilty of the misconduct by hearing officer G. Heisler, also a named defendant in this matter.  Plaintiff alleges that the misconduct report was filed in an attempt to cover up defendnat Snacker's assault on Plaintiff.

Plaintiff also alleges that defendant Snacker violated his rights under the First and Fourteenth Amendments when he warned Plaintiff that he would not be able to practice his religion.

**II.**

Plaintiff claims that defendant Heisler violated his rights by finding him guilty of the major misconduct charge filed by defendant Snacker.  Hearing officers in Michigan state prisons are entitled to absolute immunity for their discretionary actions taken in their capacity as hearing officers.  Shelly v. Johnson, 849 F.2d 228, 229-30 (6th Cir. 1988).  Therefore, Plaintiff's claims against defendant Heisler may not proceed.

Plaintiff's allegations against defendant Lafler, the warden of Pine River Correctional Facility at the time of the incident, are based on Lafler's denial of Plaintiff's grievance and Lafler's position as warden of the facility.  The doctrine of respondeat superior does not apply in

§ 1983 lawsuits to impute liability onto supervisory personnel, *see* Monell v. Department of Social Services of New York, 463 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff has not alleged that defendant Lafler encouraged the alleged constitutional violations. A prison official may not be held liable for denying a grievance where the official did not have any direct involvement with the alleged constitutional deprivation. Searcy v. City of Dayton, 38 F.3d 282, 287 (6th Cir. 1994). Therefore, Plaintiff's claims against defendant Lafler will be dismissed.

### III.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims as to defendants Lafler and Heisler are **DISMISSED**.

The Clerk of Court shall serve the complaint on defendant Snacker.

**SO ORDERED**.

                                                s/Paul V. Gadola
                                                PAUL V. GADOLA
                                                UNITED STATES DISTRICT JUDGE

DATED: December 2, 2005

---

### CERTIFICATION

I certify that, on the date indicated below, I arranged for service as provided above and that I mailed a copy of this order to plaintiff.

DATED: December 2, 2005                                     s/Ruth A. Brissaud
                                                                   Deputy Clerk