UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJIB EZZEDDINE SHOUCAIR,

                                  Plaintiff,

                                              CIVIL CASE NO. 05-40341

v.

D. SNACKER et al.,                             HONORABLE PAUL V. GADOLA
                                              U.S. DISTRICT COURT

                                    Defendants.

_____/

## **ORDER**

      Plaintiff, a state prisoner currently incarcerated at the Ojibway Correctional Facility, filed a civil rights action under 42 U.S.C. § 1983.  Plaintiff claimed that Defendants violated his First Amendment right to the free exercise of religion and access to the courts as well as the Eighth and Fourteenth Amendment rights of freedom from cruel and unusual punishment.  On September 6, 2006, the Court accepted and adopted the reports and recommendations of Magistrate Judge R. Steven Whalen, finding that Plaintiff's claims were, at that point in time, barred under *Heck v. Humphrey*.  *Heck v. Humphrey* 512 U.S. 477, 486-487 (1994).

      On September 20, 2006, Plaintiff filed a notice of appeal and a "Motion for Relief From Judgement Request for Judicial Notice of [Adjudicated] Facts."  Defendants filed a response on January 5, 2007; Plaintiff did not file a reply.  Plaintiff's motion seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(3), (6).  Plaintiff alleges that this Court's judgment was premised upon fraud and misrepresentation.  More specifically, Defendant alleges that "Defendant M. Sprague, misrepresented and concealed facts," when he failed to utilize a standardized prisoner grievance form, and that this "misrepresentation" was somehow relevant to the Court's judgment.

*See* Pl's Mot., pp. 1-2 [docket entry #28].

Federal Rule of Civil Procedure 60(b) reads, in relevant part:

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Analyzing Plaintiff's claim under the rule, the Court finds that Plaintiff's motion fails for several reasons.

First, Plaintiff has failed to demonstrate that any of the alleged actions of Sprague have any relevance to the Court's judgment. The Court accepted and adopted the magistrate's report and recommendation, recommending that the claims set forth in Plaintiff's complaint were *Heck* barred. *See Heck,* 512 U.S. at 486-487. Plaintiff's new allegations of fraud do nothing to nullify that finding and do not provide the Court with any reason to grant any relief under the rule.

Second, relief is appropriate under Rule 60(b)(6) only in "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990)(emphasis in original). Because the facts as alleged by Plaintiff, even if taken as true, fail to demonstrate that they have any relevance to the Court's previous decision, Plaintiff has not presented an "unusual and extreme situation" that mandates relief under Rule 60(b)(6).

Finally, a review of Plaintiff's complaint raises a question whether "Defendant M. Sprague" was "an adverse party" in this cause of action. Plaintiff's complaint sought relief as to "D. Snacker," "G. Heisler," and "B. Lafler." *See* Pl's Compl. [docket entry #1 at p. 1-2, 5-8]. Defendants Heisler and Lafler were subsequently dismissed sua sponte on December 2, 2005, because Plaintiff failed to state a claim against either of them. Order of Partial Dismissal and Directing Service, (Dec. 2,

2005) [docket entry #5]. Following that order, only Defendant Snacker was properly before the court. Although the complaint does mention various acts allegedly performed by Sprague in connection to the claims set forth against the properly named defendants, the complaint does not formally name Sprague as a defendant nor was Sprague ever added as a necessary party. Therefore, because Plaintiff has failed to demonstrate that Sprague was an "adverse party," Plaintiff has not demonstrated that he is entitled to relief under Rule 60(b)(3).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion for relief [docket entry #28] is **DENIED**.

**SO ORDERED.**

Dated:   April 6, 2007                                    s/Paul V. Gadola

HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 6, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Cori E. Barkman                                                       , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                 Najib Shoucair                          .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845