UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJIB EZZEDDINE SHOUCAIR, #252899

        Plaintiff,                Case No. 05-40341

v.                                 District Judge Paul V. Gadola
                                   Magistrate Judge R. Steven Whalen

D. SNACKER, et al.,

        Defendants.

_____/

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff, a *pro se* prison inmate in this civil rights action brought under 42 U.S.C. §1983, has filed a motion for appointment of counsel [Docket #51]. His case was recently remanded by the Sixth Circuit. This Court had granted the Defendants' motion to dismiss on the basis of *Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S.Ct. 2364, 2371-2372, 129 L.E.2d 383 (1994), dismissing the case without prejudice. The Sixth Circuit reversed that decision in part, and the case was reinstated in this Court on January 22, 2008, as to Defendant Snacker only. On April 9, 2008, the Court entered a scheduling order setting a discovery cut-off date of October 10, 2008, and a dispositive motion cut-off of November 10, 2008.

Unlike criminal cases, there is no constitutional or statutory right to the appointment

-1-

of counsel in civil cases. Rather, the Court requests members of the bar to assist in appropriate cases. In *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993), the Sixth Circuit noted that "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." (Internal quotations and citations omitted).

It is the practice of this Court to defer any attempt to obtain counsel for *pro se* civil rights Plaintiffs until after motions to dismiss or motions for summary judgment have been denied. In this case, discovery is not yet closed, and the dispositive motion cut-off date is November 10, 2008. It is unknown whether, before or after the close of discovery, either party will file motions to dismiss or for summary judgment Indeed, in my original Report and Recommendation [Docket #18], which was adopted by the District Judge, I did not reach the substantive summary judgment issue under Fed.R.Civ.P. 56, instead recommending that the summary judgment motion be denied without prejudice.

At this point, then, Plaintiff's motion to appoint counsel is premature. If Plaintiff's claims ultimately survive dispositive motions, he may renew his motion for appointment of counsel at that time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel [Docket #51] is **DENIED WITHOUT PREJUDICE**.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 23, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 23, 2008.

S/G. Wilson
Judicial Assistant