UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJIB EZZEDDINE SHOUCAIR, #252899

        Plaintiff,                      Case No. 05-40341

v.                                         District Judge Paul V. Gadola
                                            Magistrate Judge R. Steven Whalen

D. SNACKER, et al.,

        Defendants.

_____/

**ORDER**

Before the Court is Plaintiff's motion to strike affirmative defenses [Docket #50]. On January 28, 2008, Defendant Snacker filed an Answer to the Complaint, along with 10 affirmative defenses. Defendant has not responded to the present motion.

**I.   STANDARD OF REVIEW**

Fed.R.Civ.P. 12(f) provides that upon the motion of a party, or upon the court's own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike affirmative defenses under Rule 12(f) are addressed to the court's discretion, although they are generally disfavored. *Ameriwood Industries International Corp. v. Arthur*, 961 F.supp. 1078, 1083 (W.D.Mich.1997). Such motions are to be considered carefully and not freely granted;

striking an affirmative defense "is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *Kelley v. Thomas Solvent Co.* 714 F.Supp. 1439, 1442 (W.D. Mich. 1989). An affirmative defense is insufficient "if, as a matter of law, the defense cannot succeed under any circumstances," and a motion to strike is appropriate "where it will eliminate spurious issues before trial and streamline the litigation." *Ameriwood*, 961 F. Supp. at 1083; *Kelley*, 714 F.Supp. at 1442.

## II. DISCUSSION

In his motion, Plaintiff seeks to strike Affirmative Defense #4, based on the statute of limitations, and all Affirmative Defenses that fall under Fed.R.Civ.P. 12(b)(1) through 12(b)(7).

As to the statute of limitations, Plaintiff alleges that the events that gave rise to this lawsuit occurred on November 7, 2004, and that since the Complaint was filed in 2005, he is well within the three-year statute of limitations for §1983 claims arising in the State of Michigan. He may be right. However, at this point, discovery has not closed, and there may be a possibility–however remote–that evidence will show a different date than November 7, 2004. If so, and if that date falls outside the statute of limitations, Defendant will be permitted to assert that affirmative defense. In addition, a statute of limitations defense would fall under Rule 12(b)(6), which, as discussed below, is not waived by failure to raise it in a responsive pleading. Therefore, the motion to strike Affirmative Defense #4 is DENIED.

As to affirmative defenses falling under Rule 12(b), Plaintiff cites Rule

12(h)(1)(B)(ii), which states:

"(1) A party waives any defense listed in Rule 12(b)(2)-(5) by:

(B) failing to...:

> Include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."

Plaintiff notes, correctly, that Defendant initially responded to the Complaint with a motion for summary judgment under Rule 56, raising the *Heck v. Humphrey* issue, qualified immunity, and Eleventh Amendment immunity. Defendant did not raise any issues regarding venue or improper service.

First, by its terms, Rule 12(h)(1)(B)(ii) applies only to motions brought under Rule 12(b)(2)-(5). It does not apply to lack of subject matter jurisdiction or failure to state a claim. Therefore, the motion to strike any affirmative defenses based on Rule 12(b)(1) or 12(b)(6) must be DENIED.

However, Defendant has waived the affirmative defenses of venue, Rule 12(b)(3) improper service under Rule 12(b)(4), and lack of personal jurisdiction under Rule 12(b)(2). Therefore, the motion to strike Affirmative Defenses #1, #2 and #3 is GRANTED.


SO ORDERED.

              S/R. Steven Whalen

R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 23, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 23, 2008.

S/G. Wilson
Judicial Assistant