UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJIB EZZEDDINE SHOUCAIR, #252899

       Plaintiff,                  Case No.  05-40341

v.                                  District Judge Paul V. Gadola
                                    Magistrate Judge R. Steven Whalen

D. SNACKER, et al.,

       Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTIONS TO DEPOSE**

     Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On December 15, 2005, he was granted leave to proceed *in forma pauperis* (IFP).  He asserts that Defendant Snacker violated his First Amendment right to the free exercise of religion and the Eighth and Fourteenth Amendment rights of freedom from cruel and unusual punishment.

     Plaintiff has now filed a motion for leave to take the deposition of another prison inmate **[Docket #61]** and a motion to take the deposition of Defendant Snacker **[Docket #62]**.  He asks that the Court appoint and pay for the services of a court reporter for both depositions.

     Plaintiff has provided no citation of authority for the Court to assume his discovery expenses.  Nor has he indicated whether he has pursued other discovery mechanisms, such as interrogatories and requests to produce documents.  In fact, even though he was granted IFP status, there is no basis to grant Plaintiff's request.  I can't say it any better

-1-

than Judge Enslen in *Coates v. Kafczynski*, 2006 WL 416244, *2 -3 (W.D.Mich., 2006):

> *Pro se* litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure. However, this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Badman v. Stark,* 139 F.R.D. 601, 605 (M.D.Pa.1991) (§ 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States,* 112 F.R.D. 183, 184-85 (S.D.N.Y.1986) ( *in forma pauperis* statute does not require government to advance funds for deposition expenses); *Toliver v. Cmty. Action Comm'n to Help the Econ.,* 613 F.Supp. 1070, 1072 (S.D.N.Y.1985) (no clear statutory authority for the repayment of discovery costs for *pro se in forma pauperis* plaintiff); *Ronson v. Comm'r of Corr. for State of N.Y.,* 106 F.R.D. 253, 254 (S.D.N.Y.1985) (indigent prisoner's motion to depose physician at corrections facility denied); *Sturdevant v. Deer,* 69 F.R.D. 17, 19 (E.D.Wis.1975) (28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); *Ebenhart v. Power,* 309 F.Supp. 660, 661 (S.D.N.Y.1969) ("Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.").
>
> The taking of depositions would entail stenographic or court reporter expenses which this court is not authorized to pay, and plaintiff has made no showing that he is able to pay the expenses for the taking of the depositions. Instead, plaintiff may conduct his discovery by means of written interrogatories. *Smith v. Campagna,* No. 94 C 7628, 1996 WL 364770, *1 (N.D. Ill. June 26, 1996); *see also Belle v. Crawford,* No. CIV. A. 91-8013, 1993 WL 59291, *8 (E.D.Pa. Mar. 8, 1993) ("A defendant is not required to advance the plaintiff's deposition expenses merely because the plaintiff is unable to pay for such costs and fees. And, once again, the *in forma pauperis* statute ..., likewise does not require the Government to advance funds for deposition expenses.") (other citations omitted).
>
> Therefore, Plaintiff's motions [Docket #61 and Docket #62] are DENIED.

In lieu of permitting and funding the proposed depositions, the Court will extend discovery cut-off until March 27, 2009, to permit the Plaintiff to submit written discovery requests to the Defendant.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 25, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 25, 2009.

S/G. Wilson
Judicial Assistant